## CHICAGO AND ALTON RAILROAD CO.

*v.*

## LOUIS BENJAMIN *et al.*

1. COMMON CARRIER—*damaged freight.* A railroad receipt for goods "in apparent good order" does not relieve the consignor from proof of their condition at the time of delivery.

2. SAME. Each party stands upon his proofs, and the verdict must follow the preponderance of testimony.

APPEAL from the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

Messrs. HAY, GREENE & LITTLER, for the appellant.

Messrs. PRICKETT & HAMILTON, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The evidence tends very strongly to show that the goods did not receive the damage complained of while in the possession of the railroad company.

It appears, from the evidence, that on the receipt of the goods by the company at the station at Auburn, a short distance from Springfield, for the purpose of being shipped to the latter place, they were immediately placed in a tight warehouse, and the next day, the 26th, they were taken from the warehouse, placed on a freight train and taken to Springfield.

On the morning of the 27th they were delivered to the appellees, and, on opening the boxes, it was discovered that the goods in one of them were saturated with water, frozen, and damaged. From the condition of the warehouse and car, as testified to, it would seem in the highest degree improbable that the goods could have been wet as they were while in

either one of them, and the probability was not much less that they could have been so damaged while being transferred from the warehouse to the freight car, although snowing at the time.

In view of this testimony, we think it was incumbent on the appellees to give more satisfactory evidence than they did, that the goods were in good order at the time of their delivery to the company.

It was testified to, on this point, that, on the 24th of January, the goods were packed in good order by an agent of the appellees, at Waverly, in Morgan county, and delivered to a teamster, to be hauled in a wagon from the latter place to Auburn, who delivered them at the station at Auburn about noon of the 25th; that there was no snow on the night of the 24th, nor on the 25th, and that the company receipted for the goods as in apparent good order. The teamster himself was not called as a witness, and there was no other testimony tending to show what might or might not have happened to the goods during the time they were in his possession, or in what condition he delivered the goods to the company.

We think there was such a clear preponderance of the testimony against the finding of the jury, that a new trial should have been granted.

The judgment is reversed and the cause remanded.

*Judgment reversed.*